UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES R. LEE,

    Petitioner,

v.                                 Case No. 8:18-cv-989-MSS-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## O R D E R

Lee petitions for the writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions for trespass and aggravated battery. (Doc. 1) The Respondent asserts that the statute of limitations bars the petition and the one ground in the petition is procedurally barred and without merit. (Doc. 9) Lee replies that the Respondent incorrectly calculates the statute of limitations and contends that he is entitled to relief. (Doc. 13)

## PROCEDURAL HISTORY

A jury found Lee guilty of trespass and aggravated battery. (Doc. 11-2 at 274, 302) The trial court sentenced Lee to time served for the trespass conviction and 15 years of prison for the aggravated battery conviction. (Doc. 11-2 at 305, 308)

The state appellate court affirmed the convictions and sentences in a written opinion. (Doc. 11-2 at 360–67) *Lee v. State*, 100 So. 3d 1183 (Fla. 2d DCA 2012). The state appellate court summarized the evidence at trial as follows (Doc. 11-2 at 362–63):

> In July 2009, Mr. Lee entered the home of [the victim] and physically attacked him. A woman at this home witnessed the attack. She testified that Mr. Lee hit [the victim] with his fists and kicked him with his feet. The motive for this attack is

1

unclear, but [the victim] was apparently attempting to assist the woman in collecting a debt that Mr. Lee owed either the woman or another member of her family.

Mr. Lee testified, claiming that he went to the home to give the woman some of the money that he owed. He claimed that [the victim] started the fight, that he hit [the victim] in the head several times with his fists, but that he did not kick [the victim].

[The victim] testified that he had a preexisting back injury. He claimed that Mr. Lee knocked him to the ground and then kicked him both in his back and on his head. As a result of this attack, he was hospitalized for several days. [The victim] claimed that he suffered a badly swollen jaw, some fractures to his face, and lacerations on his head that required stitches. There is no evidence that his back injury was aggravated by this event. Although the State introduced photographs of the injuries, it presented no medical testimony.

The witnesses claimed that Mr. Lee was wearing "tennis shoes" when he kicked [the victim]. Our record has no photographs of the shoes, and the jury apparently knew nothing more about the shoes than [the victim's] claim that the shoes were "big."

The State's amended information charged Mr. Lee with burglary of a dwelling and aggravated battery. The information charged that the battery was aggravated both because the battery caused great bodily harm, permanent disability, or permanent disfigurement and because Mr. Lee used a deadly weapon, which the information described as "shoes or boots."

. . .

The verdict form did not separate the two theories of aggravated battery. Without objection, the jury was asked to determine only whether Mr. Lee was "guilty of aggravated battery, as charged." The jury returned a verdict, finding Mr. Lee guilty of the lesser offense of trespass on the charge of burglary but guilty as charged on the count of aggravated battery.

Lee moved for post-conviction relief (Doc. 11-2 at 412–63), the post-conviction court denied the motion (Doc. 11-3 at 31–61), and the state appellate court affirmed. (Doc. 11-3 at 63) Lee's federal petition followed.

# TIMELINESS

A one-year statute of limitations applies to a federal habeas petition challenging a state court judgment. 28 U.S.C. § 2244(d)(1). The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On October 19, 2012, the state appellate court affirmed Lee's convictions and sentences in a written opinion. *Lee v. State*, 100 So. 3d 1183 (Fla. 2d DCA 2012). Lee could have sought discretionary review in the state supreme court 30 days from the date of rendition of the opinion. Fla. R. App. P. 9.120(b). Lee timely filed a motion for rehearing which tolled rendition. (Doc. 11-2 at 369–70) Fla. R. App. P. 9.020(i). The state appellate court denied rehearing on November 30, 2012. (Doc. 11-2 at 371) Lee did not seek review in the state supreme court, and the time to seek that review expired on December 31, 2012. The limitations period began to run the next day on January 1, 2013. *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").[1]

"[A] properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the limitations period. 28 U.S.C. § 2244(d)(2). If a petitioner appeals an order ruling on a state post-conviction motion, the limitations period

---

[1] Lee could not have petitioned for review in the United States Supreme Court without first seeking review in the state supreme court. The United States Supreme Court reviews "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). Because the state appellate court affirmed Lee's convictions in a written opinion, the state supreme court had jurisdiction to review the opinion. *Jenkins v. State*, 385 So. 2d 1356, 1369 (Fla. 1980). Lee could not have petitioned for review in the United States Supreme Court until the state supreme court — "the highest court" of the state — either denied review or issued an opinion. *Phillips v. Warden*, 908 F.3d 667, 673 (11th Cir. 2018).

tolls until the state appellate court issues a mandate. *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007). Because Lee was incarcerated and proceeding *pro se* during collateral review in state court, the prison mailbox rule applies. *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992).

On December 10, 2012, Lee placed in the hands of prison officials for mailing a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. (Doc. 11-2 at 375–83) The post-conviction court struck the motion as procedurally deficient with leave to file an amended motion. (Doc. 11-2 at 395). Lee filed an amended Rule 3.850 motion (Doc. 11-2 at 397–407), and the post-conviction court struck the amended motion as facially insufficient with leave to file a second amended motion. (Doc. 11-2 at 409–10) Lee filed a second amended Rule 3.850 motion (Doc. 11-2 at 412–63), and the post-conviction court denied the motion on the merits. (Doc. 11-3 at 31–61) The state appellate court affirmed (Doc. 11-3 at 63), and mandate issued on December 8, 2017. (Doc. 11-3 at 64)

Even though the post-conviction court struck Lee's initial Rule 3.850 motion as procedurally deficient, Lee properly filed his amended Rule 3.850 motion and second amended Rule 3.850 motion. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). For tolling, the amended motion and second amended motion related back to the date when the initial motion was filed. *Morris v. Sec'y, Fla. Dep't Corrs.*, 991 F.3d 1351, 1354 (11th Cir. 2021) (citing *Bates v. Sec'y, Dep't Corrs.*, 964 F.3d 1326, 1328 (11th Cir. 2020); *Hall v. Sec'y, Dep't Corrs.*, 921 F.3d 983, 988 (11th Cir. 2019); *Green v. Sec'y, Dep't Corrs.*, 877 F.3d 1244, 1248 (11th Cir. 2017)).

The limitations period began to run on January 1, 2013. The limitations period tolled on December 10, 2012, when Lee filed his initial Rule 3.850 motion. *Morris*, 991 F.3d at 1354.

4

The limitations period was tolled through December 8, 2017 when mandate issued on appeal. *Lawrence*, 549 U.S. at 331–32. Lee placed his federal petition in the hands of prison officials for mailing on April 18, 2018. (Doc. 1 at 1) At that time, 130 days had run on the one-year limitations period. Consequently, Lee timely filed his federal petition. 28 U.S.C. § 2244(d)(1)(A).

## PROCEDURAL BAR AND MERITS

The Respondent next asserts that the one ground in Lee's federal petition is unexhausted and procedurally barred. (Doc. 9 at 9–10) A petitioner must exhaust the remedies available in state court before a federal court can grant relief on habeas. 28 U.S.C. § 2254(b)(1)(A). The petitioner must (1) alert the state court to the federal nature of his claim and (2) give the state court one full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state court must have the first opportunity to review and correct any alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A federal court may stay — or dismiss without prejudice — a habeas case to allow a petitioner to return to state court to exhaust a claim. *Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). If the state court would deny the claim on state procedural grounds, the federal court instead denies the claim as procedurally barred. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). A petitioner may excuse a procedural default by (1) showing cause for the default and actual prejudice from the alleged violation of federal law or (2)

demonstrating a miscarriage of justice. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006).

**Ground One**

Lee asserts that the evidence at trial proved neither great bodily harm nor a deadly weapon for the aggravated battery conviction. (Doc. 2 at 2–5) He contends that the jury wrongfully convicted him of aggravated battery and his conviction violates due process. (Doc. 2 at 4–5) ("Due Process Claim") Also, Lee asserts that trial counsel was ineffective for not arguing that the prosecution failed to prove a deadly weapon for the aggravated battery conviction in either an expanded motion for judgment of acquittal or a motion for a new trial. (Doc. 2 at 2–6) ("Ineffective Assistance of Counsel Claim") He further asserts that appellate counsel was ineffective for not presenting additional argument on direct appeal that the evidence at trial failed to prove a deadly weapon. (Doc. 2 at 6) ("Ineffective Assistance of Appellate Counsel Claim").

**Due Process Claim**

Lee asserts that the evidence at trial proved neither great bodily harm nor a deadly weapon, and his conviction violates due process. (Doc. 2 at 2–5) At the close of the prosecution's case, trial counsel moved for judgment of acquittal and argued that the prosecution failed to prove that Lee's shoes were a deadly weapon. (Doc. 11-2 at 148) In his brief on appeal, Lee argued that the trial court erred by denying his motion for judgment of acquittal because the prosecution failed to prove that he used a deadly weapon. (Doc. 11-2 at 318–20) Lee neither cited federal law or a case deciding a similar issue on federal law nor labeled the issue "federal." Further, Lee did not argue that the prosecution failed to prove great bodily harm. Consequently, the federal claim is unexhausted. *Preston v. Sec'y, Fla. Dep't*

*Corrs.*, 785 F.3d 449, 459 (11th Cir. 2015) ("Preston asserted in his brief that his conviction rested on insufficient evidence, without clarifying whether he intended to bring a federal or a state sufficiency of the evidence claim. . . . Preston invoked a phrase common to both federal and state law without explaining which body of law provided the basis for his claim.").

If Lee returned to state court to exhaust the claim, the state court would deny the claim as procedurally barred. Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.").

Lee argues that the prosecution's failure to prove a deadly weapon — an essential element of aggravated battery — amounts to a "fundamental miscarriage of justice." (Doc. 13 at 4–5) However, to demonstrate a miscarriage of justice to excuse a procedural default, Lee must (1) come forward with "'new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial'" and (2) establish that, "in light of [that] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536–37 (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)). This standard is "'by no means equivalent to the standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979),' which governs claims of insufficient evidence." 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 330). Lee neither comes forward with new reliable evidence nor establishes that the new evidence undermines the evidence of guilt at trial. Consequently, no miscarriage of justice excuses the procedural default, and the claim is procedurally barred from federal review.

Even so, the claim is without merit. The trial court instructed that the prosecution had to prove that Lee either (1) caused great bodily harm, permanent disability, or permanent disfigurement *or* (2) used a deadly weapon. (Doc. 11-2 at 251–52) The jury found Lee "guilty of aggravated battery, as charged." (Doc. 11-2 at 274) Photographs documented the victim's injuries which included cuts on his cheek and scalp, a one-inch cut above his eyebrow, and a swollen jaw. (Doc. 11-2 at 131–32) Paramedics took the victim in a stretcher to the hospital where a doctor treated the victim for three days. (Doc. 11-2 at 133–34) The doctor stitched the cuts and identified broken bones in the victim's face. (Doc. 11-2 at 134) During the month after the attack, the victim was unable to eat normally with his injured jaw. (Doc. 11-2 at 134–35) This evidence proved great bodily harm. *E.A. v. State*, 599 So. 2d 251, 252 (Fla. 3d DCA 1992) ("'Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery . . . .'") (quoting *Owens v. State*, 289 So. 2d 472, 474 (Fla. 2d DCA 1974)).

On direct appeal the state appellate court expressed doubt concerning whether the evidence proved that Lee used a deadly weapon but still affirmed (Doc. 11-2 at 366) (footnote omitted):

> There is no evidence in this case concerning the weight or construction of the shoe. The jury knew nothing of its size except that it was "big." The shoe was not introduced into evidence, and the jury had no photograph of the shoe.
>
> There is no medical evidence in this case to establish that the injuries to [the victim's] face were caused by a foot and not by a bare fist. There is no evidence that the injuries, if caused by a foot, were greater because Mr. Lee was wearing a tennis shoe. Without speculating, we are hard pressed to determine how a jury would decide beyond a reasonable doubt that a shoe was

"used or threatened to be used in a way likely to produce death or great bodily harm" in a case with such limited evidence.

Given the manner in which this case was submitted to the jury with a general verdict, even if we determined that the evidence of a big tennis shoe was insufficient to prove the use of a deadly weapon, we conclude that the jury's verdict would still support the judgment on appeal. *See Mungin v. State*, 689 So.2d 1026, 1030 (Fla.1995) ("[R]eversal is not warranted where the general verdict could have rested upon a theory of liability without adequate evidentiary support when there was an alternative theory of guilt for which the evidence was sufficient[.]"). Thus, despite our misgivings about the evidence of a deadly weapon in this case, we affirm the judgments and resulting sentences.

Because the evidence supported one of the two theories presented to the jury for aggravated battery and the jury returned a general verdict, Lee's conviction does not violate due process. *Griffin v. United States*, 502 U.S. 46, 49 (1991).

**Ineffective Assistance of Counsel Claim**

Lee asserts that trial counsel was ineffective for not arguing in either an expanded motion for judgment of acquittal or a motion for a new trial that the prosecution failed to prove that he used a deadly weapon. (Doc. 2 at 2–6) Lee did not raise this claim in his second amended Rule 3.850 motion. (Doc. 11-2 at 412–30)[2] He did not file a brief on appeal but was not required to do so. Fla. R. App. P. 9.141(b)(2)(C)(i). Because the state court had no opportunity to review the federal constitutional claim, the claim is unexhausted. 28 U.S.C. § 2254(b)(1)(A). *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("It has been settled

---

[2] In his second amended Rule 3.850 motion, Lee asserted that trial counsel was ineffective for (1) not objecting to the State's proposed jury instruction on use of deadly force in self-defense, (2) not objecting to the trial judge's jury instruction on use of deadly force in self-defense, (3) not submitting a proposed jury instruction on use of non-deadly force in self-defense, (4) not objecting to the trial court's instruction on use of non-deadly force in self-defense, (5) not obtaining hospital records which would have proven that the victim suffered minor injuries, (6) not interviewing eyewitnesses who would have testified that the victim suffered minor injuries, and (7) not retaining an expert who would have testified about the victim's injuries. (Doc. 11-2 at 412–30)

9

for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts."). If Lee returned to state court to exhaust the claim, the post-conviction court would dismiss the claim as untimely and successive. Fla. R. Crim. P. 3.850(b), (h). Consequently, the claim is procedurally defaulted. *Snowden*, 135 F.3d at 736.

In his reply, Lee argues that his claim is adequately exhausted because trial counsel moved for a judgment of acquittal. (Doc. 13 at 2) However, Lee asserts an ineffective assistance of counsel claim — not a federal due process claim based on the sufficiency of the evidence. If trial counsel moved for a judgment of acquittal on the same grounds underlying his ineffective assistance of counsel claim, the record would refute the claim. Lee fails to show either cause and actual prejudice or a miscarriage of justice to excuse the procedural default. The claim is procedurally barred from federal review.

On the merits, Lee cannot demonstrate prejudice under *Strickland v. Washington,* 466 U.S. 668 (1984). The trial court instructed that the prosecution had to prove that Lee either (1) caused great bodily harm, permanent disability, or permanent disfigurement or (2) used a deadly weapon. (Doc. 11-2 at 251–52) The prosecution presented evidence of great bodily harm. Even if an expanded motion for judgment of acquittal would have succeeded for the theory based on a deadly weapon, the motion would not have succeeded for the theory based on great bodily harm. The trial court would have instructed the jury on aggravated battery with great bodily harm, and the outcome at trial would not have changed. *Strickland*, 466 U.S. at 694; *Griffin*, 502 U.S. at 49. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006).

**Ineffective Assistance of Appellate Counsel**

Lee asserts that appellate counsel was ineffective for not arguing on direct appeal that the evidence at trial failed to prove that he used a deadly weapon. (Doc. 2 at 6) Lee did not raise this claim in a petition for ineffective assistance of appellate counsel under Rule 9.141(d), Florida Rules of Appellate Procedure. He did not file a Rule 9.141(d) petition. Because the state court had no opportunity to review the federal constitutional claim, the claim is unexhausted. 28 U.S.C. § 2254(b)(1)(A). *Serrano*, 454 U.S. at 3. If Lee returned to state court to exhaust the claim, the state appellate court would dismiss the claim as untimely. Fla. R. App. P. 9.141(d)(5). Consequently, the claim is procedurally defaulted. *Snowden*, 135 F.3d at 736. In his reply, Lee shows neither cause and actual prejudice nor a miscarriage of justice to excuse the procedural default. (Doc. 13 at 2–3) The claim is procedurally barred from federal review.

Even so, the record refutes the claim. Appellate counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Doc. 11-2 at 363) The state appellate court appointed new counsel and directed the parties to address whether the evidence proved that the shoes were a deadly weapon. (Doc. 11-2 at 363) New counsel addressed the issue in a supplemental brief. (Doc. 11-2 at 318–20) Also, as noted the state appellate court doubted that the evidence proved that Lee used a deadly weapon but still affirmed because the evidence proved that Lee committed the battery with great bodily harm. (Doc. 11-2 at 363, 366) Even if appellate counsel had presented additional argument to show that the prosecution failed to prove that Lee used a deadly weapon, the outcome on appeal would not have changed. Consequently, Lee cannot demonstrate prejudice. *Strickland*, 466 U.S. at 694; *Griffin*, 502 U.S. at 49. Ground One is denied.

Accordingly, it is **ORDERED** that Lee's petition is **DENIED** because all claims in the petition are procedurally barred and without merit. The Clerk is **DIRECTED** to enter a judgment against Lee and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Lee neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on May 4, 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE